CASE 84—PETITION ORDINARY—JANUARY 9.

# Mattingly v. Louisville & Nashville Railroad Company.

APPEAL FROM NELSON CIRCUIT COURT.

1. WHERE AN ACTION WAS DISMISSED WITHOUT PREJUDICE FOR WANT OF PROSECUTION, and the court, on motion of plaintiff, subsequently set aside the order, conditioned upon payment of all costs by him within sixty days, the plaintiff failing to pay the costs, the order dismissing without prejudice remains in force, and is not a bar to this action for the same cause.

2. NEW TRIAL UPON PAYMENT OF COSTS.—The statute requiring the payment of costs within forty days, where a new trial is granted upon payment of costs, does not affect this case, as the time was fixed by the court in which payment was to be made.

GEORGE S. FULTON FOR APPELLANT.

The failure of plaintiff to pay the costs of the former action within the time prescribed left in force the order dismissing without prejudice, and therefore the court erred in adjudging the plea in bar in this case to be sufficient.

JOHN S. KELLEY FOR APPELLEE.

The former action was still pending when the plea in abatement was filed, and therefore the lower court did right in sustaining the plea. Such a plea can not be defeated by a subsequent discontinuance of the prior action. (Fogg's Ex'rs v. Long's Adm'rs, 3 Dana, 157.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

In this case the plaintiff failed to appear in the court below when his case was called for trial and the action was dismissed without prejudice.

On a subsequent day of the term he appeared, and the court, on his motion, set aside the order of dismissal conditioned upon the payment of all costs by him within sixty days from the time the order was made. This the plaintiff failed to do and instituted another action for the same cause alleged in the first action. The defendant appeared in the last action and pleaded in bar the dismissal of the first action. The plea was sustained. The defense was neither good as a plea in bar or in abatement. The failure to pay the costs left the plaintiff in the condition he was before the order of dismissal was set aside. There was, in fact, no order setting aside the order dismissing the case without prejudice. The order was conditional, and to take effect upon the payment of costs, and this was never done; so the order of dismissal stands as originally made. When the defense was filed, or before,

the clerk having failed to redocket the original case, the plaintiff moved that he might redocket it for the purpose alone, and no other, of dismissing without prejudice. This was needless as the order of dismissal had already been made. The demurrer to the answer should have been sustained. There is a statute requiring the payment of costs within forty days when a new trial is granted upon the payment of costs, but it does not affect this case as the time was fixed by the court in which the payment was to be made.

The judgment is reversed and remanded for proceedings consistent with this opinion.